UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ANDRE OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21 CV 1229 RWS |
| | ) | |
| OCWEN FINANCIAL CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff William Andre Owens filed a complaint for wrongful foreclosure and to set aside as void the sale of his and his former wife's house.  This is not the first time Owens has sought this relief.[1]  In the previous case of <u>Owens v. Deutsche Bank</u>, 4:19 CV 1717 RWS over which I presided, I found that the foreclosure sale was valid and did not violate any of Owens' property rights.  Owens and Defendant Ocwen Financial Corporation have both moved for summary judgment. Because the foreclosure sale of the subject property was valid, I will grant Ocwen Financial's motion for summary judgment.

---

[1] Plaintiff has filed six previous lawsuits asserting his claims of ownership of the subject property.

### *Background*[2]

This matter concerns the ownership of the property located at 2278 Papal Drive, Florissant, Missouri.  On June 28, 2002, the property was purchased by Plaintiff Owens' former wife Ava before they were married.  On the same day, Ava granted a Deed of Trust to First Horizon Home Loan Corporation.  Two days later, on June 30, 2002, Ava and Owens got married.  On February 21, 2003, Owens signed an Assent to Execution of Deeds and Waiver of Marital Rights which expressly assented to any conveyance of real estate made by Ava and waived any marital rights over that property.  On the same date Ava signed a Quit Claim Deed conveying the property to herself in her married name.

Several loans on and mortgages of the property were made and refinanced over the years.  On February 9, 2004, Ava refinanced the property with Ameriquest Mortgage Company and executed a Deed of Trust.  Ameriquest executed an Assignment of Mortgage/Deed to Deutsche Bank National Trust Company, Trustee of Ameriquest Mortgage Securities, Inc. which was recorded on February 27, 2009.  Title to the property and the mortgage debt were kept solely in Ava's

---

[2] In Owens v. Deutsche Bank, 4:19 CV 1717 RWS ("Owens I"), I outlined the undisputed factual history of the financial and marital transactions regarding the property.  Owens never appealed the judgment in Owens I and, as a result, these are undisputed established facts.  In addition, in support of its motion for summary judgment, Ocwen Financial has submitted a statement of 55 undisputed material facts which include the facts I found in Owens I.  Owens has failed to specifically respond to Ocwen's statement of undisputed material facts as required by E.D. Mo. Local Rule 4.01(E).  As a result, all matters set forth in Ocwen's statement of uncontroverted material facts are deemed admitted by Owens.

name during her marriage to Owens.

Ava and Owens divorced on January 27, 2015.  The Divorce Decree provided that the property was nonmarital property owned by Ava.  On August 14, 2015, Boyd Law Group, L.C. ("BLG") was appointed as Trustee under the Deed of Trust.  BLG sent a notice to Owens and Ava that a default on the loan had occurred and that a foreclosure sale of the property was scheduled for September 24, 2015.  The foreclosure sale was delayed several times for various reasons including for mortgage assistance/hardship requests by Owens.  On December 27, 2015, Ava signed a Quit Claim Deed conveying the property to Owens.  At that time Owens knew about the Deed of Trust executed by his former wife and he knew that there was a lien on the property that needed to be repaid.

In July 2016, Millsap & Singer, P.C. ("M & S") was appointed successor trustee.  M & S sent a notice to Owens and Ava that a default on the loan had occurred and that a foreclosure sale of the property was scheduled for August 12, 2016.  The foreclosure sale was delayed based on Owens' request for mortgage assistance/hardship and two lawsuits Owens filed in state court.   The foreclosure sale of the property finally took place on February 28, 2017.   The property was sold and conveyed to Deutsche Bank, as shown by the Deed Under Foreclosure recorded on March 3, 2017.  Owens sued Deutsche Bank in state court in an

attempt to invalidate the foreclosure sale.  The lawsuit was removed to this Court on June 19, 2019, in the case of <u>Owens v. Deutsche Bank</u>, 4:19 CV 1717 RWS ("<u>Owens I</u>").  I presided over that case.  On March 11, 2021, I granted summary judgement in favor of Deutsche Bank.  In my order I found that the foreclosure sale was valid and that Deutsche Bank was the lawful owner of the property.  I also found that any martial rights Owens had in the property were waived and/or extinguished in Owens divorce.  Any interest Owens had in the property acquired by the Quit Claim Deed was inferior to the holder of the Deed of Trust and was extinguished when the property was sold in foreclosure.

Ocwen Loan Servicing, LLC serviced the loan on the property evidenced by the Note and Deed of Trust on behalf of Deutsche Bank.  On June 1, 2019, Ocwen Loan Servicing, LLC merged with PHH Mortgage Corporation ("PHH").  PHH is a subsidiary of Defendant Ocwen Financial Corporation.  PHH is the current servicer of the loan for Deutsche Bank.

On October 13, 2021, Owens filed the present lawsuit against Ocwen Financial in state court.  Owens claims that Ocwen Financial, as Ameriquest's successor in interest, violated Owens martial rights because the Deed of Trust was "executed in fraud of Plaintiff's marital rights."  Based on this claim Owens seeks to set aside the foreclosure, obtain a declaration that Owens is the rightful owner of

the property, and grant Owens quiet title to the property.  Based on these allegations, Owens has moved for summary judgment.

Ocwen Financial removed the case to this Court.  Ocwen Financial also has moved for summary judgment on the grounds of *res judicata*.  Ocwen Financial asserts that <u>Owens I</u> already ruled that the foreclosure was valid and that Owens does not have any interest in the property at issue.

### *Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  <u>Lynn v. Deaconess Medical Center</u>, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)).  The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof.  <u>Id.</u> at 324.  In

resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

### *Discussion*

The claims Owens asserts in his complaint have already been fully resolved in Owens I.  In that case I found that the foreclosure sale was valid and that Deutsche Bank was the lawful owner of the property.  I also found that any martial rights Owens had in the property were waived and/or extinguished in Owens divorce.  Any interest Owens had in the property acquired by the Quit Claim Deed was inferior to the holder of the Deed of Trust and was extinguished when the property was sold in foreclosure.  Owen never appealed my judgment in Owen I. Nevertheless, Owen seeks to relitigate these rulings in the present case.

An initial matter I note that the owner of the Deed of Trust at the time of the foreclosure of the property was Deutsche Bank National Trust Company, Trustee of Ameriquest Mortgage Securities, Inc.  Millsap & Singer, P.C. was the Successor Trustee who executed the foreclosure.  Ocwen Financial's subsidiary at the time, Ocwen Loan Servicing, LLC, serviced the loan on the property.

In his complaint Owens claims that Ocwen Financial, as Ameriquest's successor in interest, violated Owens martial rights because the Deed of Trust was

"executed in fraud of Plaintiff's marital rights."  Owens claim is not supported by the undisputed facts in the case.  Ocwen Financial is not the successor in interest to Ameriquest.  Ocwen Financial is the parent company of the loan servicer, PHH (formerly Ocwen Loan Servicing, LLC) that services the loan on behalf of Deutsche Bank.  Ocwen Financial and its subsidiary did not have any part in the creation of the Deed of Trust or in foreclosure of the property.  As a result, Owens's claims against Ocwen Financial are without merit.

Moreover, Ocwen Financial asserts that it is entitled to summary judgment on the doctrine of *res judicata*.  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.  A suit is barred by res judicata (the more modern term is claim preclusion) when five elements are satisfied:  (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); (4) both suits are based upon the same claims or causes of action; and (5) the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect."  United States v. Bala, 948 F.3d 948, 950 (8th Cir. 2020) (cleaned up).

All of the elements to establish *res judicata* are met in this case.  Owens I

was decided on the merits.  Jurisdiction was proper.  Both <u>Owens I</u> and the present suit involve the same parties (or those in privity with them).  Ocwen Financial, as the parent company of the loan servicer for Deutsche Bank is in privity with Deutsche Bank.  <u>See</u> <u>Pope v. Fed. Home Loan Mortg. Corp.</u>, 561 F. App'x 569, 572 (8th Cir. 2014) (a loan servicer is in privity with the holder of the mortgage).  Both <u>Owens I</u> and the present suit are based upon the same claims.  Owens had a full and fair opportunity to litigate the matter in <u>Owens I</u>.

In <u>Owens I</u> I found that the foreclosure sale was valid and that Deutsche Bank was the lawful owner of the property.  I also found that any martial rights Owens had in the property were waived and/or extinguished in Owens divorce.  I determined that any interest Owens had in the property acquired by the Quit Claim Deed was inferior to the holder of the Deed of Trust and was extinguished when the property was sold in foreclosure.  As a result, I find that Ocwen Financial is entitled to summary judgment on Owens claims under the doctrine of *res judicata*.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Ocwen Financial Corporation's motion for summary judgment [28] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff William Andre Owens' motion for summary judgment [21] is **DENIED**.

A separate judgment is issued this same date.


RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of February, 2023.